UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-2117**

───────────────

JERRY MOZES; MELVA TAMPUBOLON; J.M.; Y.M.,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

───────────────

**No. 07-1173**

───────────────

JERRY MOZES; MELVA TAMPUBOLON; J.M.; Y.M.,

Petitioners,

versus

ALBERT R. GONZALES, Attorney General,

Respondent.

───────────────

On Petitions for Review of Orders of the
Board of Immigration Appeals
(A95-395-016; A98-710-635; A98-710-636; A98-710-637)

───────────────

Submitted: May 30, 2007          Decided: July 5, 2007

───────────────

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioners. Peter D. Keisler, Assistant Attorney General, Leonard Schaitman, Peter R. Maier, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Jerry Mozes, his wife, Melva Tampubolon, and their two minor children, natives and citizens of Indonesia ("Petitioners"), petition for review of two separate orders of the Board of Immigration Appeals ("Board"). In No. 06-2117, the Board adopted and affirmed the immigration judge's decision denying the Petitioners' requests for asylum, withholding of removal, and protection under the Convention Against Torture, and in No. 07-1173, the Board denied their motion to reopen.

In their petition for review in No. 06-2117, the Petitioners challenge the determination that they failed to establish their eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Petitioners fail to show that the evidence compels a contrary result. Moreover, we find that substantial evidence supports the immigration judge's determination that the Petitioners failed to meet their burden of establishing that it would not be reasonable for them to relocate to another part of Indonesia. See 8 C.F.R.

§ 1208.13(b)(3)(i) (2006). We therefore uphold the denial of asylum relief.

Additionally, we uphold the denial of the Petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioners fail to show that they are eligible for asylum, they cannot meet the higher standard for withholding of removal. See also 8 C.F.R. § 1208.16(b)(1)(i)(B) (2006) (providing that an alien is not eligible for withholding of removal if internal relocation is a reasonable option).* Accordingly, we deny the petition for review in No. 06-2117.

In No. 07-1173, we find that the Petitioners have failed to raise any issues pertaining to the Board's denial of their motion to reopen. We therefore find that they have failed to preserve any issues for review, see Edwards, 178 F.3d at 241 n.6,

---

*In their brief before this court, the Petitioners have failed to raise any challenges to the denial of their request for protection under the Convention Against Torture. We therefore find that they have waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

and deny the petition for review for the reasons stated by the Board.  See In re: Mozes, No. A95-395-016(L) (B.I.A. Feb. 8, 2007).

Accordingly, we deny both petitions for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED